**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

THANH THONG VO,

Petitioner,

v. No. 2:26-cv-00539-DHU-JHR

PAMELA BONDI, Attorney General of the United States;
KRISTI NOEM, Secretary, Department of Homeland Security;
MARY DE ANDA-YBARRA, El Paso Field Office Director,
Immigration and Customs Enforcement; TODD LYONS,
Acting Director of Immigration and Customs Enforcement; and
DORA CASTRO, Warden, Otero County Processing Center,

Respondents.

**ORDER GRANTING IN PART PETITION FOR WRIT OF HABEAS CORPUS**

THIS MATTER is before the Court on Petitioner Thanh Thong Vo's *pro se* Petition for Writ of Habeas Corpus ("Petition"). Doc. 1. Having considered the parties' briefs, the record, and the relevant law, the Court **GRANTS IN PART** the Petition, and orders Respondents to provide Petitioner with a bond hearing before an Immigration Judge ("IJ") pursuant to 8 U.S.C. § 1226(a) within seven (7) days.

Petitioner is a native and citizen of Vietnam who entered the United States without inspection at an unknown date. Doc. 6 at 1; Doc. 6-1 at 3. On May 21, 2025, Petitioner was detained by immigration officials. Doc. 1 at 4. He was eventually transferred to the Otero County Processing Center in Chaparral, New Mexico, where he remains detained. *Id.* at 1. While detained, Petitioner filed an Application for Asylum, Withholding of Removal, and for Withholding Under the Convention Against Torture. On November 19, 2025, an Immigration Judge denied Petitioner's Application and entered an Order of Removal. Doc. 6-1. The next day, Petitioner timely appealed

to the Board of Immigration Appeals ("BIA"). Doc. 6-2 at 1. His appeal remains pending. Doc. 6 at 1.

On February 23, 2026, Petitioner filed the instant Petition challenging his detention without a bond hearing. Doc. 1 at 6. He requests a Writ of Habeas Corpus ordering Respondents to immediately release him from custody, or, alternatively, ordering Respondents to conduct a bond hearing within a reasonable time. *Id.* at 7.

On March 9, 2026, Respondents filed a response to the Petition. Doc. 6. Respondents position is that Petitioner is subject to mandatory detention under 8 U.S.C. § 1225(b) based on the plain language of that statute. *Id.* at 2. Respondents, however, concede that the facts of this case are "substantially similar" to *Requejo Roman v. Castro*, 816 F.Supp.3d 1267 (D.N.M. 2026), and that "this Court's decision in *R[e]quejo Roman* . . . would control the result here if the Court adheres to that decision, as the facts are not materially distinguishable for purposes of the Court's decision on the legal issue of which statutory provision authorizes Petitioner's detention." *Id.* at 2-3.

On May 26, 2026, Petitioner filed a Motion for Prompt Ruling (Doc. 9), and on June 8, 2026, a Motion for a Temporary Restraining Order and Stay of Removal ("TRO") (Doc. 10).

As Respondents correctly concede, this Court has already considered the statutory and constitutional issues raised by Petitioner in this case. *See Requejo Roman v. Castro*, 816 F.Supp.3d 1267. Following this Court's decision in *Requejo Roman*, as well as the decisions of the vast majority of federal courts in the Tenth Circuit that have analyzed this issue, the Court holds that noncitizens already present in the United States who entered without inspection are subject to

discretionary detention under § 1226 and are entitled to a bond hearing.[1] Petitioner, who entered the United States without inspection some time ago, is properly detained pursuant to § 1226 and, therefore, entitled to a bond hearing. Respondents' misclassification of Petitioner under § 1225 and the resultant denial of a bond hearing deprived him of his due process rights. To ensure Petitioner's due process rights are protected going forward, the factors laid out in *Mathews v. Eldridge*, 424 U.S. 319, 335, 96 S.Ct. 893 (1976), favor shifting the burden of proof to the Government in any future bond hearing. For a detailed account of the Court's reasoning relevant to its decision, see *Requejo Roman*, 816 F.Supp.3d 1267.

Accordingly, Petitioner's *pro se* Petition for Writ of Habeas Corpus (Doc. 1) is **GRANTED IN PART**.

**IT IS THEREFORE ORDERED** that Respondents provide Petitioner an individualized bond hearing before a neutral IJ within **seven (7) days** of entry of this Order. If Petitioner does not receive such a hearing on or before Monday, June 22, 2026, he shall be immediately released. At the bond hearing, the assigned IJ is hereby ordered to first turn to the Government, who shall bear the burden of proving, by clear and convincing evidence, that Petitioner is a flight risk and/or a danger to the community to justify continued detention. If the IJ determines that the Government has met its burden, the IJ may then turn to Petitioner for his arguments. The assigned IJ is also hereby ordered not to consider, deny bond, or otherwise rely on *Matter of Hurtado*.

---

[1] The Court notes that the Second, Sixth and Eleventh Circuit Court of Appeals have analyzed this issue and reached the same conclusion. *See Barbosa da Cunha v. Freden*, -- F.4th--, 2026 WL 1146044 (2nd Cir. 2026); *Lopez-Campos v. Raycraft*, --F.4th--, 2026 WL 1283891 (6th Cir. 2026); *Hernandez Alvarez v. Warden*, -- F.4th--, 2026 WL 1243395 (11th Cir. 2026). The Court also acknowledges that the Fifth Circuit and Eight Circuit Court of Appeals have reached the opposite conclusion. *See Buenrostro-Mendez v. Bondi*, 166 F.4th 494 (5th Cir. 2026); *Avila v. Bondi*, --F.4th--, 2026 WL 819258 (8th Cir. 2026). The Tenth Circuit Court of Appeals has not yet addressed the issue.

**IT IS FURTHER ORDERED** that Respondents submit a status report to the Court no later than Tuesday, June 23, 2026, confirming whether a bond hearing was held and the result of said hearing.

Finally, because this Court is adjudicating Petitioner's Petition and awarding him relief in this Order, Petitioner's Motion for Prompt Ruling (Doc. 9) and Motion for TRO (Doc. 10) are **DENIED AS MOOT**.

**IT IS SO ORDERED.**

HONORABLE DAVID HERRERA URIAS
UNITED STATES DISTRICT JUDGE